UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTURY 21 REAL ESTATE, LLC,

        Plaintiff,

                                    USDC Case No. 1:07-cv-00506

vs.

                                    Hon. Paul L. Maloney

MARSHCO VENTURES, LLC and
BRAD VENEKLASE,

        Defendants.
_____/

## JOINT STATUS REPORT

Pursuant to Rule 16 and the Court's Order Setting Rule 16 Scheduling Conference, Plaintiff Century 21 Real Estate, LLC ("Century 21") and Defendants Marshco Ventures, LLC ("Marshco") and Brad Veneklase ("Veneklase") (collectively, "Defendants") submit this Joint Status Report.

(1) <u>Jurisdiction</u>:  Plaintiff has asserted that the Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Defendants do not believe that there is diversity of citizenship as Plaintiff Century 21 Real Estate, LLC, or its affiliates, have been doing business throughout Michigan, and particularly in and around the Grand Rapids and nearby areas, during the entire period in question, and Defendants therefore request that this Court dismiss this action pursuant to F.R.C.P. 12(h)(3).

(2) <u>Jury or Non-Jury</u>:  This case is to be tried by the court as trier of law and fact.

(3) <u>Judicial Availability</u>:  The Parties do not agree to have a United States Magistrate

Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

(4) <u>Geographic Transfer</u>: The parties are advised of the possibility, pursuant to W.D. Mich. LCivR 3.3(h), of a transfer of the action to a judge located in a different city, on the basis of the convenience of counsel, the parties, or witnesses. Reassignment of the action shall be at the discretion of the Court and shall require the consent of all parties and of both the transferor and transferee judge. The parties do not believe that a transfer for geographic convenience is warranted in this case.

(5) <u>Statement of the Case</u>:

(a) <u>Plaintiff's statement of the Case</u>: Plaintiff Century 21 is a national real estate franchisor. Defendant Marshco is a franchisee of a local real estate franchisor, The Platinum Realty Group Partners ("Platinum"). Marshco is engaged in the real estate brokerage business, and Defendant Veneklase is Marshco's principal.

On December 29, 2005, the United States District Court, Western District of Michigan, entered an Amended Consent Judgment ("Judgment") in favor of Century 21 and against one of Century 21's former franchisees, Pearson-Cook Company, Inc., d/b/a Century 21 Pearson-Cook ("Pearson-Cook") and Pearson-Cook's principals and personal guarantors, Timothy Fore and Patti Jo Fore (a/k/a Patti Jo Veneklase-Fore), jointly and severally, in the amount of $544,487.00.

Pearson-Cook and the Fores induced Century 21 to refrain from executing on the Judgment by advising Century 21 that Pearson-Cook and the Fores had obtained an investor who would provide a cash infusion to Pearson-Cook and the Fores sufficient to satisfy the Judgment. On the basis of this representation, Century 21 agreed to refrain from terminating Pearson-Cook as a Century 21 franchisee, and to refrain from executing on the Judgment, while Pearson-Cook and the

Fores obtained the cash infusion from the purported investor. Specifically, Century 21 provided Pearson-Cook and the Fores with an extension of time, through and including October 31, 2006, to provide Century 21 with a firm plan to satisfy the Judgment.

The representations made by Pearson-Cook and the Fores regarding an investor who would satisfy the Judgment were untrue, and Pearson-Cook and the Fores failed to provide Century 21 with a firm proposal to satisfy the Judgment, and they never satisfied the Judgment amount. Instead, on November 1-3, Pearson-Cook and the Fores closed Pearson-Cook without maximizing the value of its assets or providing any benefit to Century 21 or Pearson-Cook's other creditors. Specifically, the Fores transferred substantially all of Pearson-Cook's assets, including a significant amount of collateral subject to a security interest possessed by Century 21, to Defendants Marshco and Veneklase (who is the son of Patti Jo Veneklase-Fore) without the permission of Century 21 (or Pearson-Cook's other secured creditors) and without providing any benefit to Century 21 (or Pearson-Cook's other secured creditors).

The collateral transferred by Pearson-Cook and the Fores to Marshco and Veneklase included furniture, furnishings, equipment, leases, real estate listings, listing agreements and related rights which were located at or related to the residential real estate brokerage business conducted by Pearson-Cook as a Century 21 franchisee, and certain proceeds therefrom. In addition, the Fores, with the knowledge and consent of Veneklase, solicited real estate agents employed by Pearson-Cook to leave Century 21 and join Marshco. In order to facilitate their solicitation of agents, the Fores caused Pearson-Cook to expire all of its current Century 21 real estate listings so they could be transferred to new brokers, such as Marshco. Many former Century 21 agents joined Marshco, and many Century 21 real estate listings were transferred to Marshco.

On November 8, 2006, Century 21 terminated Pearson-Cook as a Century 21 franchisee, and on November 9, 2006, Century 21 filed a motion in this Court for a temporary restraining order, preliminary injunction and appointment of a receiver for Pearson-Cook. On November 9, 2006, the District Court entered a temporary restraining order which, among other things, prohibited Pearson-Cook and the Fores from transferring any assets.

On November 13, 2006, the Court entered an order granting Century 21 a permanent injunction, appointing a receiver for Pearson-Cook and requiring the Fores to provide various discovery. The very next day, on November 14, 2006, the Fores filed a voluntary chapter 7 bankruptcy proceeding, and also filed a Chapter 7 case for Pearson-Cook.

In addition to the amount due on the Judgment of $544,487, plus interest accruing on same (in the amount of $83,746.57 as of their bankruptcy petition date), the Fores and Pearson-Cook were indebted to Century 21 in the amount of $718,929.88 on account of outstanding royalty fees due under their franchise agreements with Century 21 at the time of their termination as a Century 21 franchisee. In addition, as a result of the premature termination of the Franchise Agreements, the Fores and Pearson-Cook became obligated to pay Century 21 for liquidated damages in the amount of $5,230,489.05 under the Franchise Agreements.

Accordingly, Pearson-Cook and the Fores were, at the time of the filing of the petition initiating their bankruptcy proceedings, indebted to Century 21 in at least the amount of $6,605,699.36, plus continually accruing interest.

Currently, Marshco occupies office space at two locations, both of which were formerly occupied by Pearson-Cook, one at 1550 East Beltline, Grand Rapids, Michigan, and one at 4283 Lake Michigan Drive NW, Grand Rapids, Michigan. Marshco has utilized furniture, fixtures and/or equipment formerly belonging to Pearson-Cook. All of Marshco's sales agents were

formerly employed by Pearson-Cook, and many of Marshco's listing agreements were formerly Pearson-Cook's listing agreements. The Fores have transferred their real estate licenses to Marshco, and the Fores are both currently employed by Marshco.

Upon information and belief, Pearson-Cook received no consideration for the transfer or surrender of its listing agreements, sales agents, furniture, fixtures, and/or equipment to Marshco and Veneklase. Accordingly, Century 21 maintains that Marscho and/or Veneklase are liable to Century 21 for the indebtedness of Pearson-Cook and the Fores to Century 21, in an amount exceeding $6,605,699.36 (plus accruing interest) under theories of: (1) de facto merger, (2) successor liability, (3) tortious interference, (4) conversion (common law and statutory), and (5) unjust enrichment.

(b)  <u>Defendants' statement of the case</u>: Plaintiff's Complaint contains 114 "factual" allegations preceding Count I. Aside from the identifications in the first few paragraphs, only 14 of the assertions pertain to the Defendants named in this case. Four of those paragraphs are made "upon information and belief." Defendants were not involved in, nor did they have actual knowledge of, the vast majority of the circumstances alleged in the first 102 "factual" assertions in Plaintiff's Complaint, all of which pertain to Plaintiff's claims against different individuals and which arise out of other transactions and circumstances which did not involve these Defendants. Defendants have denied the allegations of liability in Plaintiff's Complaint in their answer filed *in pro per*, prior to retaining counsel in this lawsuit.

It is Defendants basic position that Century 21 is attempting to pursue its claims against Tim and Patti Fore and Plaintiff's former franchisee, and to bootstrap those claims in this lawsuit, against these Defendants.

5

Defendant Brad Veneklase is the son of Patti Fore, against whom Plaintiff has made numerous other claims, and it is Defendants' position that Plaintiff is attempting to leverage the case against Mrs. Fore and her husband by pursuing these claims against her son. These Defendants were not involved in the many transactions and circumstances which comprise the vast majority of Plaintiff's claims in this case, and should not be made to answer what essentially consist of relationships, transactions and allegations as between Plaintiff, its affiliates and the other parties. It is Defendants' position that Plaintiff's claims are without merit, that Plaintiff does not have factual or substantive evidentiary support for the claims, and that they are purely speculatory. It is Defendants' position that the claims are so without merit and lacking in substantive evidentiary support that, unless Plaintiff voluntarily dismisses this lawsuit, it will be subject to sanctions for having knowingly filed a spurious lawsuit without the necessary factual basis upon which to make the allegations stated in the Complaint.

(6) <u>Pendant State Claims</u>: This case does not include pendent state claims.

(7) <u>Joinder of Parties and Amendment of Pleadings</u>: The parties do not expect to file any motions for joinder of parties to this action. Defendants request seven (7) days in which to amend their answer and affirmative defenses. If the Court grants Defendants' request, Century 21 requests fourteen (14) days from the filing of Defendants' amended pleading to file an Amended Complaint.

(8) <u>Disclosures and Exchanges</u>:

    (a) Fed.R.Civ.P. 26(a)(1) requires initial disclosures, including identification of lay witnesses, unless the Court orders otherwise. Any party objecting to Rule 26(a)(1) disclosures must set forth below in detail the nature and reasons for the objection. If one or more party objects, no initial disclosure shall be required until the Court resolves the objection at the Rule 16 conference. In the absence of an objection, initial disclosures will be required of all parties. Plaintiff proposes that initial disclosures be made by **November 15, 2007**. Defendants request an additional 30 days

        after Plaintiff's disclosures in which to make their initial disclosures. Plaintiff objects to this request and believes that the parties should simultaneously exchange initial disclosures under Fed.R.Civ.P. 26.

    (b)    Plaintiff expects to be able to furnish the names of Plaintiff's expert witnesses, if any, to the Defendants by **January 15, 2008**. The Defendants do not believe that the issues in this case warrant the use of experts or introduction of expert testimony as there are no issues which the Court cannot determine without the assistance of experts. To the extent that Plaintiffs name expert witnesses, the Defendants request the right to furnish the names of the Defendants' expert witnesses, if any, within a reasonable time after receiving notice of Plaintiff's expert witnesses, and after having been given the opportunity to depose those experts to determine if any experts are necessary. Plaintiff objects to Defendants' position and request.

        Plaintiff believes it would be advisable to exchange written expert witness reports as contemplated by Fed.R.Civ.P. 26(a)(2). Plaintiff further believes that reports should be exchanged according to the following schedule: Plaintiff shall serve its expert report(s) upon Defendants on or before **June 15, 2008.** Defendants do not believe that the circumstances of this case warrant the use and introduction of expert testimony and do not believe that the parties should be delayed until late spring 2008, in serving expert reports. If the Court permits experts, or it is determined by Defendants following the deposition of Plaintiff's experts that experts for the Defendants are necessary, Defendants request that that they have 30 days following the service of Plaintiff's expert reports in which to serve its expert reports upon Plaintiff. Plaintiff objects to this position and request.

    (c)    Plaintiff believes that the following documents should be made available without the need of a formal request for production: documents upon which the parties intend to rely to support their claims or defenses. Plaintiff believes that the parties should mutually exchange such documents on **November 15, 2007**. Defendants request an additional 30 days, until December 15, 2007, in which to serve copies of documents upon which Defendants intend to rely for their defenses. Plaintiff objects to Defendants' position and believes that the parties should mutually exchange the documents identified by Fed.R.Civ.P. 26(a) on the same date.

(9)    <u>Discovery</u>:    Plaintiff believes that all fact discovery proceedings can be completed by **May 30, 2008** and all expert discovery can be completed by **July 31, 2008.** Plaintiff believes that discovery will be necessary concerning the transactions pursuant to which

Pearson-Cook and the Fores transferred substantially all of Pearson-Cook's assets to Marshco and Veneklase, and the nature and extent of Century 21's damages.

Defendants believe that early abbreviated discovery will be necessary in order for Defendants to identify the witnesses, documents and any other evidence which Plaintiff may have to support its allegations against Defendants. Defendants suggest that the Court establish a schedule for limited preliminary discovery, during which interrogatories, requests for admissions and no more than two or three depositions may be taken to identify the evidence upon which Plaintiff bases its claims. At the conclusion of the preliminary discovery, Defendants contemplate filing dispositive motions based upon the outcome of that discovery. Defendants suggest that the discovery should take place within 90 days of the scheduling conference, and before January 15, 2008, assuming cooperation between the parties and the ability to complete that discovery. Thereafter, based upon the outcome of the motions(-s), an extended period of discovery, if necessary could be ordered by the Court.

Plaintiff strenuously objects to Defendants' position and proposal.

(10) <u>Disclosure or Discovery of Electronically Stored Information</u>: Century 21 will produce any electronic information relevant to this case in hard copy form. Century 21 believes that Defendants may possess electronically stored information relevant to this case and Century 21 requests that Defendants print such information and produce the same to Century 21 in hard copy form.

Defendants state that they are unaware of any electronically stored information which they may possess relevant to this case, but are willing to produce in hard copy form any reasonably identified, non-privileged, relevant information within the discovery parameters set by the Court.

(11)     <u>Assertion of Claims of Privilege or Work-Product Immunity After Production</u>: The parties agree that any party claiming to have inadvertently produced an item arguably protected by the attorney-client and/or attorney work product privileges provide the receiving party with written notification of the alleged inadvertent production immediately after the producing party becomes aware of the inadvertent disclosure.  The parties further recommend that the parties thereafter conduct themselves in accordance with Michigan law concerning inadvertent production.

(12)     <u>Motions</u>:  The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed.  All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d). Century 21 anticipates filing a dispositive motion on its claims in this case, and Century 21 believes that all dispositive motions will be filed by **August 1, 2008.**

Defendants anticipate filing a dispositive motion with respect to Plaintiff's claims and in support of Defendants' defenses in this case.  Defendants do not believe that the time for filing dispositive motions in this case should be extended to late summer 2008.  In keeping with the Defendants proposed staged discovery described above, Defendants would propose allowing the filing of dispositive motions within 30 days following the completion of the first stage of limited discovery, or no later than February 29, 2008, in the event that the Court orders staged discovery.

Century 21 strenuously objects to Defendants' proposal regarding motion practice.

(13)     <u>Alternative Dispute Resolution</u>:   The parties recommend that this case be submitted to the following methods of alternative dispute resolution:   voluntary facilitative mediation.

(14)     <u>Length of Trial</u>:  The Plaintiff estimates the trial will last approximately 6 days, total, allocated as follows: 3 days for Plaintiffs case, 3 days for Defendants' case.  Defendants do not believe that a trial of this matter should require six days.  Defendants estimate that a trial will last no more than four days, with two days allocated to each side.

(15)     <u>Prospects of Settlement</u>:  The Parties have been engaged, and continue to be engaged, in settlement discussions.

(16)     <u>Court Electronic Document Filing System</u>:  Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.  The Court expects all counsel to abide by the requirements of this rule.  *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules.  Counsel opposing a *pro se* party must <u>file</u> documents electronically but <u>serve</u> *pro se* parties with paper documents in the traditional manner.

(17)     <u>Other</u>:  Non.

Respectfully submitted,

| DICKINSON WRIGHT PLLC: | MIKA, MEYERS, BECKETT & JONES PLC |
|---|---|
| /s/ Jason P. Klingensmith | /s/ Scott S. Brinkmeyer |
| Jason P. Klingensmith (P61687) | Scott S. Brinkmeyer (P24891) |
| Attorneys for Century 21 Real Estate, LLC f/k/a Century 21 Real Estate Corporation | Attorneys for Marshco Ventures, LLC and Brad Veneklase |
| 500 Woodward Ave., Suite 4000 | 900 Monroe Ave., N.W. |
| Detroit, Michigan 48226 | Grand Rapids, MI 49503 |
| (313) 223-3051 | (616) 632-8000 |

DETROIT 26716-5 1010935