UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CENTURY 21 REAL ESTATE, LLC,

        Plaintiff,

vs.

MARSHCO VENTURES, LLC and
BRAD VENEKLASE

        Defendants.
_____/

USDC Case No. 1:07-cv-00506

Hon. Paul L. Maloney

## FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

Defendants Marshco Ventures, LLC ("Marshco") and Brad Veneklase ("Veneklase"), by and through their attorneys Mika, Meyers, Beckett & Jones PLC, make the following answers to Plaintiff's Complaint filed herein:

### I. PARTIES AND SUBJECT MATTER JURISDICTION

1.     Neither admitted nor denied for lack of knowledge or information.

2.-4.    Admitted.

5.     Admitted that Veneklase is a Michigan resident who is the registered agent for service on Marshco. The remaining allegations are denied as untrue.

6.     Defendants admit that Veneklase is the owner and is designated in the Operating Agreement of Marshco as the managing member, however, Defendants deny that Veneklase actually manages Marshco.

7.     Denied upon information and belief.

8.     Neither admitted nor denied due to lack of knowledge and information.

## II.  ALLEGATIONS COMMON TO ALL CLAIMS

A.      The Licensor.

9.-11.  Neither admitted nor denied due to lack of knowledge and information.

B.      The Franchise Agreements Between Century 21 and Pearson.

12.-17.  Neither admitted nor denied due to the lack of knowledge and information.

18.     Defendants admit that Veneklase is the son of Patti Fore.  The remaining allegations in paragraph 18 are neither admitted nor denied due to lack of knowledge and information.

19.     Neither admitted nor denied due to lack of knowledge and information.

C.      The Royalty Fees Due Under the Franchise Agreements.

20.-24.  Neither admitted nor denied due to lack of knowledge and information.

D.      National Advertising Fund Contributions Due Under the Franchise Agreements.

25.-27.  Neither admitted nor denied due to lack of knowledge and information.

E.      Other Amounts Due Under the Franchise Agreements.

28.-29.  Neither admitted nor denied due to lack of knowledge and information.

F.      The Guaranty.

30.-33.  Neither admitted nor denied due to lack of knowledge and information.

G.      The Promissory Notes from Pearson and the Fores to Century 21.

34.-48.  Neither admitted nor denied due to lack of knowledge and information.

H.      The Security Agreements.

49.-61.  Neither admitted nor denied due to lack of knowledge and information.

I.      The District Court Litigation.

62.-71.  Neither admitted nor denied due to lack of knowledge and information.

**J.     Debtors Induce Century 21 to Refrain From Fully Executing On The Amended Consent Judgment And Terminating Pearson As a Century 21 Franchisee.**

72.-75.  Neither admitted nor denied due to lack of knowledge and information.

**K.     The Cessation of Operations By Pearson And The Transfer of Century 21's Collateral.**

76.     Defendants deny that the Fores were negotiating to "partner with" Defendants Marshco and Veneklase prior to the closing of the Pearson-Cook offices on November 3, 2006. The remaining allegations in paragraph 76 are neither admitted nor denied due to lack of knowledge and information.

77.-79.  Neither admitted nor denied due to lack of knowledge and information. Defendants further affirmatively state that Defendants have never seen the Memorandum, nor were they ever made aware of the contents of the Memorandum prior to receipt of service of Plaintiff's Complaint filed herein.

80.     Defendants admit, upon information and belief, that Platinum Realty Group ("Platinum") is a real estate brokerage firm which owns and operates real estate offices in Michigan.  The remaining allegations in paragraph 80 are neither admitted nor denied due to lack of knowledge and information.

81.     Defendants admit that Marshco filed a Certificate of Assumed Name with the Michigan Department of Labor & Economic Growth identifying "The Platinum Realty Group Partners" as the assumed name under which business is to be transacted by Marshco, and that Defendant Veneklase is identified in the Marshco Articles of Organization as the registered agent for Marshco. The remaining allegations in paragraph 81 are denied as untrue.

82.-91.  Neither admitted nor denied due to lack of knowledge and information.

92.-93.  The allegations in paragraphs 92 and 93 are denied for the reason they are untrue.

94. Defendants deny that Pearson's furniture, fixtures, equipment and/or leases were transferred to Defendant Marshco as such allegations are untrue. Defendants can neither admit nor deny the remaining allegations in paragraph 94 due to lack of knowledge and information.

95.-96. Neither admitted nor denied due to lack of knowledge and information.

### L. The Termination of the Franchise Agreements and Appointment of a Receiver.

97.-102. Neither admitted nor denied due to lack of knowledge and information.

### M. Marshco.

103. Admitted.

104. Defendants admit that Marshco is owned by Veneklase, who is the son of Patti Fore. The remaining allegations in paragraph 104 are denied as untrue.

105. Defendants admit that Marshco is, and Pearson-Cook was, generally in the same business of real estate brokerage, however, Defendants deny that the business model of Marshco is the same as the business model of Pearson.

106. Defendants admit that Marshco occupies office space at two locations, the one at 4283 Lake Michigan Drive N.W., in Grand Rapids, only one of which was formerly and only partially occupied by Pearson. The remaining allegations in paragraph 106 are denied as untrue.

107.-108. Denied as untrue.

109. Defendants admit upon information and belief that many of Marshco's listing agreements were at one time listing agreements with Pearson-Cook. Defendants deny that this information was known to Defendants at the time the listings were transferred to Marshco from Platinum Realty Group in mid-February 2007.

110. The allegations in paragraph 110 are denied upon information and belief.

111. Defendants deny that Pearson or the Fores transferred assets, equipment, listing agreements and goodwill from Pearson to Marshco. Defendants admit that Marshco has paid no consideration to Pearson or the Fores for the transfers alleged in paragraph 111.

112. Admitted.

113.-114. The allegations in paragraphs 113 and 114 are denied as untrue. Defendants affirmatively state that Patti Fore and Timothy Fore are independent contractors affiliated with Marshco.

## FIRST COUNT – *DE FACTO* MERGER

115. Defendants incorporate by reference their answers to each of the allegations contained in paragraphs 1-114.

116. Denied as untrue.

117. Defendants deny that there was a transfer of assets from Pearson to Marshco. Defendants admit that they paid no consideration to Pearson for any transfer because no such transfer took place.

118. Defendants admit that Veneklase is the son of Patti Fore. The remaining allegations in paragraph 118 are denied as untrue.

119.-123. The allegations in paragraphs 119-123 are denied as untrue.

WHEREFORE, Defendants respectfully request entry of judgment of no cause for action in their favor and against Defendant, and for an Order of this Court dismissing Plaintiff's Complaint and all claims and causes of action asserted therein with prejudice, and granting Defendants their attorney's fees and costs of suit, and granting such other and further relief as is deemed appropriate.

## SECOND COUNT – SUCCESSOR LIABILITY

124. Defendants incorporate by reference their answers to each of the allegations contained in paragraphs 1-123.

125.-135. Denied as untrue. Defendants further affirmatively state that there was no transfer from Pearson to Marshco and/or Veneklase.

WHEREFORE, Defendants respectfully request entry of judgment of no cause for action in their favor and against Defendant, and for an Order of this Court dismissing Plaintiff's Complaint and all claims and causes of action asserted therein with prejudice, and granting Defendants their attorney's fees and costs of suit, and granting such other and further relief as is deemed appropriate.

## THIRD COUNT – TORTIOUS INTERFERENCE

136. Defendants incorporate by reference their answers to each of the allegations contained in paragraphs 1-135.

137. Neither admitted nor denied due to lack of knowledge and information.

138. Denied as untrue.

139. Defendants admit that Veneklase had knowledge that Pearson-Cook was a franchisee of Century 21. The remaining allegations in paragraph 139 are denied as untrue.

140-150. Denied as untrue.

WHEREFORE, Defendants respectfully request entry of judgment of no cause for action in their favor and against Defendant, and for an Order of this Court dismissing Plaintiff's Complaint and all claims and causes of action asserted therein with prejudice, and granting Defendants their attorney's fees and costs of suit, and granting such other and further relief as is deemed appropriate.

## FOURTH COUNT – COMMON LAW CONVERSION

151. Defendants incorporate by reference their answers to each of the allegations contained in paragraphs 1-150.

152. Neither admitted nor denied due to lack of knowledge and information.

153.-154. Denied as untrue.

WHEREFORE, Defendants respectfully request entry of judgment of no cause for action in their favor and against Defendant, and for an Order of this Court dismissing Plaintiff's Complaint and all claims and causes of action asserted therein with prejudice, and granting Defendants their attorney's fees and costs of suit, and granting such other and further relief as is deemed appropriate.

## FIFTH COUNT – STATUTORY CONVERSION

155. Defendants incorporate by reference their answers to each of the allegations contained in paragraphs 1-154.

156. Denied as untrue.

157. Defendants deny that Pearson transferred or delivered any Collateral to Marshco and/or Veneklase, and Defendants further deny that they had knowledge that the Fores were transferring or delivering any Collateral to Marshco and/or Veneklase. The remaining allegations are neither admitted nor denied due to lack of knowledge and information.

158. Denied as untrue.

WHEREFORE, Defendants respectfully request entry of judgment of no cause for action in their favor and against Defendant, and for an Order of this Court dismissing Plaintiff's Complaint and all claims and causes of action asserted therein with prejudice, and granting

Defendants their attorney's fees and costs of suit, and granting such other and further relief as is deemed appropriate.

## SIXTH COUNT – UNJUST ENRICHMENT

159. Defendants incorporate by reference their answers to each of the allegations contained in paragraphs 1-158.

160.-161.  Denied as untrue.

WHEREFORE, Defendants respectfully request entry of judgment of no cause for action in their favor and against Defendant, and for an Order of this Court dismissing Plaintiff's Complaint and all claims and causes of action asserted therein with prejudice, and granting Defendants their attorney's fees and costs of suit, and granting such other and further relief as is deemed appropriate.

## REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request entry of judgment of no cause for action in their favor and against Defendant, and for an Order of this Court dismissing Plaintiff's Complaint and all claims and causes of action asserted therein with prejudice, and granting Defendants their attorney's fees and costs of suit, and granting such other and further relief as is deemed appropriate.

## AFFIRMATIVE DEFENSES

For their affirmative defenses to Plaintiff's Complaint filed herein, Defendants assert the following:

1. Plaintiff has failed to state a claim upon which relief may be granted against these Defendants.

2. There is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law.

3. Upon information and belief, the Court does not have jurisdiction of the Plaintiff's Complaint based upon the lack of diversity.

4. To the extent that Plaintiff claims fraud in any form, Plaintiff has failed to assert that cause of action with sufficient specificity as required under Michigan law.

5. There was no *de facto merger* because there was no continuation of the Century 21 Pearson-Cook enterprise, there was no continuity of shareholders as between Pearson-Cook and Marshco, and Marshco did not assume those liabilities and obligations of Century 21 Pearson-Cook ordinarily necessary for the uninterrupted continuation of normal business operations of the original corporation.

6. There is no successor liability of Marshco for Century 21 Pearson-Cook because there was no express or implied assumption of liability by Marshco for the obligations of Century 21 Pearson-Cook, there was no fraud, Veneklase has at all times acted in good faith, Marshco is not a mere continuation or reincarnation of the Century 21 Pearson-Cook franchise business, and there was no transfer of the original business to Marshco.

7. Defendant Veneklase is not liable for any misconduct by Marshco as he was not personally involved in any of the circumstances and events which Plaintiff claims give rise to their causes of action and liability claimed against the Defendants, and Veneklase has not in fact operated or managed the business of Marshco since its inception.

8. Defendants are not liable for tortious interference because Defendants had no knowledge of the specific terms of any contract, business relationship or expectancy as between Century 21, Pearson-Cook and the Fores, and there was no intentional or improper inference by

9

Defendants which induced or caused a breach, disruption or termination of any contract, business relationship or expectancy as between Century 21, Pearson-Cook and the Fores.

9. Defendant Veneklase is not liable for common law conversion as he was personally unaware of Century 21's claims of ownership or security in any property, including without limitation furniture, equipment, fixtures, listings or proceeds from listings, which were used in or claimed as the property of the Century 21 Pearson-Cook franchise real estate business, and Veneklase has not personally exerted any distinct act of ownership or domain over any property or collateral claimed by Century 21 at any time.

10. Defendants are not liable for statutory conversion for the reason that there was no actual knowledge of Plaintiff's claim of entitlement to any collateral or property which is the subject of Plaintiff's Complaint, nor did Defendants knowingly aid any person in the concealment of stolen, embezzled or converted property, and Defendants deny that they have knowingly converted any property of Century 21 to their use at any time.

11. Defendant Veneklase cannot be liable for unjust enrichment as he has received no benefit as the result of any alleged acts and omissions on the part of Defendants.

12. Plaintiff has failed to properly and adequately mitigate its damages in that it has made no effort to recover or take possession of the furniture, fixtures, furnishings and equipment which was left in place at the former offices abandoned by Pearson-Cook in Southwest Michigan, all of which has been tendered to Plaintiff, nor have they contacted or attempted to contact the Defendants to assert ownership of or entitlement to any of the claimed collateral.

13. Defendants reserve the right to amend or add additional affirmative defenses which become apparent during discovery.

                                              Respectfully submitted,

                                              MIKA MEYERS BECKETT & JONES PLC
                                              Attorneys for Defendants

Dated:  October 26, 2007                 By:  /s/ Scott S. Brinkmeyer
                                              Scott S. Brinkmeyer (P-24891)
                                              900 Monroe Ave., N.W.
                                              Grand Rapids, MI  49503
                                              (616) 632-8000

H:\SSB\CLN\Veneklase-Century 21 LLC\Amended.Answer-Complaint.doc